**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PABLO GUZMAN, | : | |
| Petitioner, | : | Civil Action No. 05-3005 (MLC) |
| v. | : | |
| LYDELL SCHERRER, et al., | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES:**

> PABLO GUZMAN
> 94 Lippincott Avenue
> Long Branch, New Jersey  07740
> Petitioner Pro Se
>
> LUIS A. VALENTIN, MONMOUTH COUNTY PROSECUTOR
> MARK P. STALFORD, ASSISTANT PROSECUTOR
> Court House
> Freehold, New Jersey  07728-1789
> Attorneys for Respondents

**COOPER,** District Judge

Pablo Guzman filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction in the Superior Court of New Jersey.  Respondents filed an Answer seeking dismissal of the Petition on several grounds.  For the reasons expressed below, the Court will dismiss the Petition for lack of jurisdiction and decline to issue a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction filed on October 5, 1998, in New Jersey Superior Court, Monmouth County, after a jury found him guilty of aggravated assault, aggravated

assault with a deadly weapon, unlawful possession of a knife, and possession of a weapon for an unlawful purpose.  The Law Division granted the state's motion for an extended sentence, and sentenced him to an aggregate term of 10 years in prison, with a five-year period of parole ineligibility.  Petitioner appealed, and on April 3, 2000, the New Jersey Appellate Division affirmed the conviction and sentence.  See State v. Guzman, Docket No. A-1934-98T4 slip op. (N.J. App. Div., April 3, 2000).  The New Jersey Supreme Court denied his petition for certification on January 24, 2001.  See State v. Guzman, 167 N.J. 89 (2001).

   The Clerk of this Court accepted Petitioner's first Petition under 28 U.S.C. § 2254 for filing on October 25, 2001.  See Guzman v. Scherrer, Civil No. 01-4963 (JEI) (D.N.J. filed Oct. 25, 2001).  The Petition, which was dated October 2, 2001, challenged the judgment of conviction on three grounds.  Pursuant to Petitioner's request, on November 29, 2001, United States District Judge Joseph E. Irenas dismissed the Petition without prejudice for failure to exhaust available state court remedies.  (Id.)

   On December 31, 2001, Petitioner filed a petition for post conviction relief in the New Jersey Superior Court, Law Division, Monmouth County.  The Law Division entered an order denying post conviction relief on July 12, 2002.  Petitioner appealed, and on March 3, 2004, the New Jersey Appellate Division affirmed the order denying post conviction relief.  See State v. Guzman,

Docket No. A-212-02T4 slip op. (N.J. Super. March 3, 2004).  On May 21, 2004, the New Jersey Supreme Court denied certification. See State v. Guzman, 180 N.J. 357 (2004).

On May 5, 2004, the State of New Jersey released Petitioner from custody.  See N.J. Dep't of Corrections, Offender Search, https://www6.state.nj.us/DOC_Inmate/inmatesearch.jsp (last visited Dec. 11, 2006).

On June 13, 2005, the Clerk of this Court received the Petition which is presently before this Court.  The Petition, which is signed and dated October 2, 2001, is a photocopy of the petition previously filed on October 25, 2001.  The cover letter, which is also dated October 2, 2001, asks the Clerk to file the Petition.  The Petition and cover letter indicate that Petitioner is incarcerated at Riverfront State Prison in Camden, New Jersey.  However, the return address on the envelope containing the Petition, which is postmarked June 10, 2005, provides the following return address:  "Pablo Guzman, 94 Lippincott Ave., Long Branch, N.J. 07740."

The Petition raises three grounds, which are, verbatim:

Ground One:  THE TRIAL COURT JUDGE ERRED IN ADMITTING "GRUESOME, SHOCKING" PHOTOGRAPHS OF THE VICTIM'S INJURIES, INFLUENCING THE JURY AND PREJUDICING THEM AGAINST SAID DEFENDANT.

Ground Two:  THE TESTIMONY OF MONMOUTH COUNTY DETECTIVE DANUTH DENIED THE SAID DEFENDANT HIS RIGHT TO REMAIN SILENT WHEN HE VEHEMENTLY TOLD THE JURY THAT THE SAID DEFENDANT REFUSED TO ANSWER ANY QUESTIONS IN VIOLATION OF 6TH AND 14TH AMENDMENTS.

>     Ground Three:  THE SENTENCE IMPOSED BY THE HONORABLE
>     SUPERIOR COURT JUDGE OF MONMOUTH COUNTY, NEW JERSEY, MR.
>     PAUL F. CHAIET (10 YEARS WITH 5-YEAR PAROLE
>     DISQUALIFIER) "EXTENDED TERM" 8TH AMENDMENT VIOLATION,
>     AS WELL AS 14TH AMENDMENT VIOLATIONS FOR CRUEL AND
>     UNUSUAL PUNISHMENT.

(Pet. ¶ 12.)

By Order filed October 31, 2005, this Court notified Petitioner of the consequences of filing a petition under the Anti-Terrorism and Effective Death Penalty Act, and gave Petitioner an opportunity to withdraw the Petition and file one all-inclusive § 2254 petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  By letter dated December 16, 2005, Petitioner asked this Court to consider the Petition as filed.

On February 23, 2006, Respondents filed an Answer seeking dismissal of the Petition as barred by the one-year statute of limitations and because the Petition does not assert violations of the Constitution or laws of the United States.

## II.  DISCUSSION

### A.  Jurisdiction

A habeas corpus petitioner must satisfy a status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court," and a substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); see Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy

Hertz, Federal Habeas Corpus Practice & Procedure § 8.1 (4th ed. 2001).

The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004); see Spencer v. Kemna, 523 U.S. 1 (1998). The petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired. See Maleng, 490 U.S. at 493 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction"); Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 401 (2001); Drakes v. INS, 330 F.3d 600 (3d Cir. 2003); United States v. Thomas, 42 F.3d 823, 824 (3d Cir. 1994).

Petitioner's sentence fully expired in May 2004, before he submitted his Petition to this Court in June 2005. Accordingly, Petitioner was not "in custody" under the sentence under attack at the time the Petition was filed, and this Court lacks jurisdiction over the Petition. This Court will therefore dismiss the Petition for lack of jurisdiction.

B. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a

certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition . . . without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction and declines to issue a certificate of appealability.

　　　　　　　　　　　　　　　　　　s/ Mary L. Cooper　　　　　
　　　　　　　　　　　　　　　　**MARY L. COOPER**
　　　　　　　　　　　　　　　　United States District Judge